UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID A. McCALL,**

    Plaintiff,

vs.                                                          **Case No. 8:04-CV-865-T-EAJ**

**JO ANNE B. BARNHART,
Commissioner of
Social Security,**

    Defendant.
_____/

## FINAL ORDER

    Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for a period of disability and Disability Insurance Benefits (DIB) under the Act.[1]

    The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

    In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 12).

applicable legal standards.  See 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff alleges an onset of disability on October 15, 2001, due to diabetes, high blood pressure, elevated cholesterol, sleep apnea, and past knee surgery.  (T 14, 52, 271, 275)  Thirty-six years old at the time of the ALJ's decision on October 30, 2003, Plaintiff has an eighth grade education, and prior work experience as a truck driver, dishwasher, cook, and a city set-up crew member. (T 14, 270)  Plaintiff weighed 400 pounds at the hearing before the

ALJ on September 3, 2003.  (T 266, 274)

In the decision denying benefits, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date and that Plaintiff continued to meet the insured requirements of the Act through the date of the ALJ's decision.[2] (T 18)  The ALJ found that Plaintiff had the following medically determinable severe impairments: diabetes, hypertension, sleep apnea, and morbid obesity.  (T 15, 18)  However, the ALJ determined that Plaintiff's impairments did not meet or equal an impairment listed in the Listing of Impairments.  (Id.)  The ALJ also found that Plaintiff's testimony regarding his limitations was not entirely credible.  (T 19)  The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform the exertional requirements of light to medium work activity with the additional requirement of a sit/stand option.[3]  (T 19)  The ALJ determined that Plaintiff was not able to perform past relevant work; however, utilizing the medical vocational guidelines, 20 C.F.R. § 404, Subpt. P. App. 2, and the testimony of a vocational

---

[2] The ALJ noted Plaintiff's attempts to work after the alleged onset date to be unsuccessful and not rising to the level of substantial gainful activity.  (T 14)

[3] Addressing Plaintiff's RFC, the ALJ added a "sit/stand option" as well as "climbing limitations" due to Plaintiff's obesity and past knee injury. (T 17) In addition, due to Plaintiff's sleep disorder, headaches, and side effects from his medications, the ALJ prohibited Plaintiff from driving, working with hazardous machinery, and heights.  (Id.)

3

expert (VE), the ALJ determined that a significant number of jobs exist in the national economy that Plaintiff could perform, including a linen room attendant, packer, and dining room attendant. (Id.) Therefore, the ALJ determined that Plaintiff was not under a disability and was thus not entitled to disability benefits. (Id.)

On March 26, 2004, the Appeals Council denied Plaintiff's request for review. (T 3-5)  Accordingly, the Appeals Council allowed the ALJ's decision to stand.

Plaintiff argues that the Commissioner (1) erred in determining that Plaintiff could perform a restricted range of medium work; (2) failed to accord Plaintiff's treating sources substantial weight in determining Plaintiff's RFC; and (3) disregarded Plaintiff's complaints of subjective symptoms.  (Dkt. 16 at 5-11)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

**II.**

**A.**   Plaintiff contends that the ALJ erred in determining that Plaintiff could perform a restricted range of medium work.

Plaintiff argues the ALJ's determination that Plaintiff could perform a light to restricted range of medium work conflicts with the medical opinions of Plaintiff's treating physician, Virgilio S.

Cabigas, M.D. ("Dr. Cabigas").  (T 16, 94, 96)  Dr. Cabigas noted in both a January 2002 physical capacities evaluation form and a February 2002 attending physician's statement of continued disability form, that Plaintiff's RFC included sitting for eight hours in an eight hour work day, standing for three hours in an eight hour work day, walking for two hours in an eight hour work day, and driving for two hours in an eight hour work day.[4]  (Id.)

Both light and medium work require "a good deal of walking or standing."  20 C.F.R. § 404.1567 (b),(c).  No specific hourly requirement is expressed in 20 C.F.R. § 404.1567 (b),(c) for work at these vocational levels.  However, Plaintiff contends the ALJ erred in determining that Plaintiff could perform a restricted range of medium work due to the inconsistency between the SSR 83-10 recommendation and Dr. Cabigas's restrictions. (T 96) [5]

---

[4] Plaintiff points out an inconsistency in Dr. Cabigas's report concerning Plaintiff's ability to walk and stand during an eight hour work day. One report indicates two hours each, while another report indicates that Plaintiff can stand three hours a day, and walk and drive two hours a day.  However, both reports indicate that Plaintiff can sit up to eight hours during the day. (T 94, 96) The ALJ added a sit/stand option to Plaintiff's RFC. (T 19)  Therefore, any inconsistencies were properly resolved by the ALJ as the trier of fact (T 14); any ambiguity in the evidence is not material to the outcome of the case.

[5] As guidance, SSR 83-10 elaborates on the activities needed to carry out the requirements of sedentary, light, medium, heavy, and very heavy work.  Specifically, SSR 83-10 states a "full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight hour workday."  SSR 83-10. SSR 83-10 also states that a "full range of medium work requires standing or walking, off and on, for a total of approximately six hours in an eight hour workday in order to meet the requirements of

5

Specifically, Plaintiff notes the discrepancy between the SSR 83-10 recommendation of approximately six hours standing or walking and Dr. Cabigas's restriction of five hours standing and/or walking for Plaintiff.  Id.

"A 'Social Security Ruling'...as applied to the facts in a particular case does not have the effect of law." Wagner v. Finch, 413 F.2d 267, 268 (5th Cir. 1969); see Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)(en banc)(Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981) Instead, the Eleventh Circuit is bound by its previous decisions.  Thus, a claimant's arguments are addressed by the caselaw and the court will not look to Social Security rulings to resolve the issue at hand.

In making his arguments, however, Plaintiff fails to consider the ALJ's inclusion of a sit/stand option in Plaintiff's RFC.[6]  (T

---

frequent lifting or carrying objects weighing up to twenty-five pounds."  Id.

[6] Although neither party has cited any authority defining "sit/stand option" under Social Security law, this court's research has disclosed reported cases referring generally to a sit/stand option in terms of being able to alternate sitting and standing, see, e.g., Wages v. Sec'y of Health and Human Services, 755 F.2d 495, 498 (6th Cir. 1985), or having the ability to sit or stand at will. See also Clough v. Chater, No. 93-CV-885A, 1996 U.S. Dist. LEXIS, *2 (W.D. N.Y. Feb. 23, 1996).  The language used by the courts confirms the view that the "sit/stand option" refers to jobs which can be performed either sitting or standing or where the

16, 19) During the administrative hearing, the ALJ specified that the VE restrict his opinions to jobs capable of accommodating Plaintiff's need to alternate sitting and standing. (T 284)

Because the jobs specified allowed Plaintiff to alternate standing and sitting, there is no discrepancy between the RFC which the ALJ identified and the VE's testimony, even assuming that SSR 83-10's requirements had to be fully met.

Accordingly, Plaintiff's argument is without merit.

**B.** Plaintiff also contends that the ALJ failed to accord the opinions of Plaintiff's treating source substantial weight. Specifically, Plaintiff argues that the ALJ ignored a report of Dr. Cabigas indicating that Plaintiff could neither lift nor carry due to back pain. (T 94)

Generally, a treating physician's opinion is entitled to considerable weight unless there is good cause to reject such an opinion. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). However, the opinion of a treating physician regarding a disability or inability to work may be discounted if it is unsupported by objective medical evidence, conclusory, or contrary to the evidence. Bloodsworth, 703 F.2d at 1240; see also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). In addition, when assessing medical evidence in a disability case, the ALJ is

---

employee is allowed to switch from sitting to standing as necessary to accommodate postural limitations or other restrictions.

required to state with particularity the weight given to different medical opinions and the reasons therefor. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)(citation omitted).

Here, Dr. Cabigas, the treating physician, rendered conflicting reports regarding Plaintiff's ability to lift and carry objects. In a January 2002 physical capacities evaluation form, he concluded that Plaintiff was able to meet the lifting requirement of medium work. (T 96) Specifically, Dr. Cabigas determined that Plaintiff could occasionally lift twenty-one to fifty pounds and frequently lift eleven to twenty pounds. (Id.) One month later, in February 2002, Dr. Cabigas indicated on a physician's statement of continued disability that Plaintiff was "unable to [lift/carry] due to back pain." (T 94).

Plaintiff argues that the ALJ "gloss[ed] over" the more restrictive report of Dr. Cabigas which completely prohibited Plaintiff from lifting and carrying due to back pain, and focused on the report of Dr. Cabigas that allowed Plaintiff to lift and carry which is more favorable to the Defendant. (Dkt. 16 at 6). It is true that the ALJ failed to mention the report of Dr. Cabigas that prohibited lifting and carrying. However, after a thorough analysis of the record in this case, it is apparent to the undersigned that the more restrictive opinion of Dr. Cabigas was conclusory, unsupported by laboratory or clinical evidence, and

entitled to no deference. See Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).

The state agency medical consultants, M. delaCerna, M.D. ("Dr. delaCerna") and Gloria B. Mankins, M.D. ("Dr. Mankins") substantially agreed with Dr. Cabigas's less restrictive, January 2002 report regarding lifting and carrying. Drs. delaCerna and Mankins determined that Plaintiff could occasionally lift and carry fifty pounds and could frequently lift and carry twenty-five pounds. (T 98, 134)

The ALJ exhaustively evaluated the credible medical evidence in this case. The ALJ's decision discusses x-rays of Plaintiff's right knee from March 2002, showing osteoarthritic changes, (T 105) and also sleep studies from March 2003 indicating severe obstructive sleep apnea. (T 141) In addition, the ALJ notes Plaintiff's history of chest pain, abdominal pain and headaches. (T 15, 152, 170) Further, the ALJ discusses Plaintiff's well-documented condition of diabetes mellitus. (T 174) The ALJ mentions Dr. Cabigas's January of 2002 opinion that Plaintiff maintains the ability to occasionally lift and carry between twenty-one and fifty pounds and to frequently lift and carry from eleven to twenty pounds. (T 14) Dr. Cabigas's January 2002 report is consistent with the medical evidence in the record. The

9

February 2002 report which prohibits lifting and carrying due to back pain is conclusory and unsupported by the record.[7]

During the administrative hearing, Plaintiff failed to mention any symptom of back pain. (T 267-288) Further, with the exception of the conclusory statement of Dr. Cabigas that Plaintiff is unable to lift and carry due to back pain, Plaintiff has not cited any references to back pain by Plaintiff or by other physicians of record.[8]

Moreover, Dr. Cabigas's statement that Plaintiff was not able to do any lifting or carrying was noted in a "Physician's Statement of Continuing Disability" form (T 94) In contrast, Dr. Cabigas's January 2002 note that Plaintiff was capable of restricted lifting and carrying was noted in a "Physical Capacities Evaluation Form." (T 96) The Eleventh Circuit has instructed that courts should be concerned with a physician's evaluations of a plaintiff and the consequences of such evaluations rather than the physician's statement of Plaintiff's disability. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see, e.g., Jones v. Dept. Health &

---

[7] As Defendant point out, the February 5th form indicates that Dr. Cabigas had last seen Plaintiff on January 10, 2002 and that Plaintiff had changed physicians after the January 2002 appointment. (T 93)

[8] Such physicians include Benjamin Franklin, M.D., Satyanarayana Cheti, M.D., and Adora E. Pacania, M.D. (T 106-111, 142-148, 198-202)

Human Services, 941 F.2d 1529, 1533 (11th Cir. 1991); Bloodsworth, 703 F.2d at 1240; Edwards, 937 F.2d at 583.

Therefore, Plaintiff's contention that the ALJ failed to accord Plaintiff's treating sources substantial weight is without merit. The ALJ's failure to address the February 5th report of Dr. Cabigas does not warrant a remand.

**C.** Plaintiff contends that the ALJ erred in disregarding Plaintiff's complaints of weakness and fatigue as well as other subjective symptoms.

The Eleventh Circuit's three part "pain standard" requires the Secretary to credit a claimant's subjective pain testimony if there is (a) evidence of an underlying medical condition; and, (b) either (1) objective medical evidence confirming the severity of the pain resulting from the medical condition or (2) that the objectively determined medical condition must be of a severity which can reasonably be expected to cause the alleged pain. Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986). Under the alternate prong of the pain standard, subjective pain testimony which is supported by clinical evidence of a condition which can reasonably be expected to produce the symptoms of which a plaintiff complains is itself sufficient to sustain a finding of disability. This prong requires the Commissioner to evaluate the credibility of a claimant's testimony as to pain and to articulate a reasonable basis for rejecting the testimony if it is rejected. Sewell v.

Bowen, 792 F.2d 1065, 1068 (11th Cir. 1986). The reasons must be based on substantial evidence. See Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987); Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995).[9] An ALJ's credibility determination "does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the reviewing court] to conclude that the ALJ considered her medical condition as a whole." (Internal citations omitted). Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1560. However, the court must consider the entire record and take account of evidence in the record which detracts from the evidence relied upon by the Commissioner. Id.; see also Parker v. Bowen, 793 F.2d 1177, 1180 (11th Cir. 1986).

During the administrative hearing, Plaintiff described having depression (T 271), trouble staying on an eating schedule, (T 279-80), sleep apnea (T 272, 275-76, 281-82), high blood pressure (T 272), elevated cholesterol (Id.), diabetes (T 272, 276), obesity (T 274, 279-80), headaches (281), left knee pain (T 282-83), and chest

---

[9]This standard is consistent with Social Security regulations which provide that a claimant may establish a disability through subjective testimony of pain if "medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms." Elam v. R. R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991) (citing 20 C.F.R. §§ 404.1529, 416.929).

pain. (T 283)  Plaintiff claims his most severe problems are associated with his sleeping disorder, and his difficulty standing, walking, climbing, walking up stairs and bending down due to his left knee problem.  (T 275)  Plaintiff estimates that he can not stand or walk for more than thirty to sixty minutes.  (T 282-83)

The ALJ articulated a number of reasons for discrediting Plaintiff's subjective complaints.  The ALJ acknowledged that Plaintiff experiences headaches but commented that Plaintiff reported headache relief when his blood pressure was brought under control.  (T 16, 207) In addition, relying on Plaintiff's own activities such as mowing the lawn (albeit four to five times per year), the ALJ discredited Plaintiff's complaint that he is unable to perform any type of work activity. (T 16, 277-278)  The ALJ also rejected Plaintiff's claim of inability to follow the diet plan prescribed by his physician. (Id.)  The record indicates that despite the fact that Plaintiff is not working, he continues to ignore the prescribed diet.  (T 16, 274)

The ALJ also noted Plaintiff's failure to follow medical treatment plans.  Specifically, the ALJ noted that "the record documents repeated instances of failure to keep appointments for follow up of his diabetes and blood pressure."  (T 16, 172, 173)

Plaintiff argues that it was improper for the ALJ to discredit his testimony based upon his failure to take prescribed medication. (Dkt. 16 at 10).  Plaintiff alleges that he fails to take

13

prescribed medication because he cannot afford to take such medication. (Id.)

Poverty may excuse noncompliance with prescribed medical treatment plans. Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988). Plaintiff indicated at the administrative hearing that his failure to take his diabetes medication results from meager financial resources. (T 279) In the decision denying benefits, the ALJ acknowledged Plaintiff's statement that he could not afford medical treatment. (T 16)[10]

The undersigned concludes that it was not proper for the ALJ to discredit Plaintiff on the basis of Plaintiff's failure to take prescribed medication and to appear at appointments with physicians.  If the ALJ had discredited Plaintiff solely on the basis of his failure to follow medical treatment plans, a remand would be justified; however, because the ALJ enumerated other reasons for discrediting Plaintiff's testimony, all of which are supported by the record, this court finds the ALJ's disregard for

---

[10]. Defendant points out that Plaintiff also stated at the administrative hearing that he voluntarily took himself off of his diabetes medication so that he could pass certain Department of Transportation ("DOT") tests required for being a truck driver. (T 271, 279) Defendant also argues that Plaintiff's mother sometimes paid for Plaintiff's medication and that Plaintiff was aware of how to obtain public assistance, including free medication. (Dkt. 17 at 16).  The ALJ did not fully address these issues.  However, the undersigned concludes that Plaintiff's mother's limited financial assistance and Plaintiff's attempt to conceal his medical condition in order to obtain a vocational license do not overcome the Dawkins rule.

the Dawkins rule to be harmless error.  See Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989) (ALJ properly discredited a plaintiff's subjective complaints of pain when he specifically articulated at least three reasons for rejecting such testimony).

Accordingly, Plaintiff's argument is without merit, and the ALJ's decision to reject Plaintiff's subjective complaints is supported by substantial evidence.

### Conclusion

Accordingly and upon consideration it is **ORDERED** and **ADJUDGED** that:

(1) the decision of the Commissioner denying benefits is **AFFIRMED**; and

(2) the Clerk of Court shall enter final judgment pursuant to 42 U.S.C. § 405(g) and direct this case be closed with each party bearing his own costs and expenses.

**DONE AND ORDERED** in Tampa, Florida this 13th day of June, 2005.

_____
ELIZABETH A JENKINS
United States Magistrate Judge